### BOYLE v. McNULTY BROS. et al.

(Supreme Court, Appellate Division, Second Department. December 3, 1908.)

1. MASTER AND SERVANT (§ 182*)—INJURIES TO SERVANT—EMPLOYER'S LIABILITY ACT—ACT OF SUPERINTENDENCE.

Where sand was being hoisted by elevator under the personal supervision and direction of a foreman, who was a superintendent within the employer's liability act (Laws 1902, p. 1748, c. 600), his direction to the engineer to raise the elevator in response to an ambiguous signal was an act of superintendence within the act.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 182.*]

2. MASTER AND SERVANT (§ 287*)—INJURIES TO SERVANT—ACTIONS—QUESTION FOR JURY.

In an action by a servant for injuries from the hoisting of an elevator just as he was entering it, upon a signal such as the engineer and superintendent knew the servant had no occasion to give, which caused the servant to fall down the shaft, whether the superintendent was negligent in ordering the engineer to hoist the elevator in answer to the signal *held* for the jury under the facts.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 287.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** MASTER AND SERVANT (§ 139*)—INJURIES TO SERVANT—PROXIMATE CAUSE.

    While the giving of the signal may have caused the accident, in the sense that otherwise it would not have happened, the superintendent's negligence, if his act was negligent, intervened between the giving of the signal and the accident.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 139.*]

**4.** MASTER AND SERVANT (§ 294*) — INJURIES TO SERVANT — ACTIONS—INSTRUCTIONS—CONFORMITY TO ISSUES.

    Where an action by a servant for injuries from the hoisting of an elevator was tried upon the concession of counsel that the hoisting engineer was the master's servant, and hence plaintiff's fellow servant, a charge that plaintiff might recover for the engineer's negligence was erroneous.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1162–1167; Dec. Dig. § 294.*]

Appeal from Trial Term, Queens County.

Action by Hugh Boyle against McNulty Bros. and another. From an order setting aside a verdict for plaintiff and dismissing the complaint, and from a judgment entered thereon, plaintiff appeals. Judgment reversed, and order modified to provide for a new trial, and, as so modified, affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Francis A. McCluskey, for appellant.

Louis Cohn (Frank V. Johnson, on the brief), for respondents.

MILLER, J. This is a negligence suit brought under the employer's liability act. The plaintiff's injuries resulted from a fall down an elevator shaft from the third floor of a building in course of construction, caused by the sudden starting of a hod hoist under the following circumstances: The plaintiff had been directed by the foreman of the defendant McNulty Bros. to unload three elevator loads of sand on the third floor of the building. The work was done in the following manner: The sand was put on wheelbarrows and wheeled onto the hoist in the basement. A signal of one bell was given to the engineer, who raised the hoist to the third floor. The plaintiff took the wheelbarrows off, emptied them, put them back on the elevator, and gave a signal of two bells to the engineer, who then lowered the hoist to the basement. The accident occurred between 8 and 9 o'clock in the evening. The plaintiff was in the act of putting the empty wheelbarrows of the third load back on the elevator, when the engineer received a signal of one bell and started the elevator up, precipitating the plaintiff to the basement. Said foreman was in the basement at the time the accident happened. Shortly before that he told the engineer that upon lowering the elevator to the basement after taking up the third load his work was over for the night. There is evidence that, when the engineer received the signal of one bell, he said to said foreman: "I got a signal. What does it mean?" To which the latter replied: "Oh, I don't know; but go ahead up anyway." The jury found a verdict of $5,000 in favor of the plaintiff. The trial court set aside the verdict and dismissed the complaint.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

113 N.Y.S.—16

It is undisputed that said foreman was a superintendent within the meaning of the employer's liability act. The work was being done under his personal supervision and direction. His act, in directing the engineer to raise the elevator in response to the signal of one bell, was an act of superintendence. Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725. If, therefore, there was evidence from which a jury could find that said act was negligent, it was error to dismiss the complaint; for it is plain that the notice served in this case was a sufficient compliance with section 2 of the employer's liability act (Laws 1902, p. 1749, c. 600).

When the signal of one bell was received, both the engineer and the foreman had reason to suppose that the plaintiff might be in the act of taking the wheelbarrows off the hoist or of putting them back on. It is not suggested that either of them had any reason to think that the plaintiff gave said signal. On the contrary, they knew that he had no occasion to give a signal of one bell, but that when his work was finished the engineer might expect a signal of two bells to lower the hoist. While it does not appear who gave said signal of one bell, it is undisputed that the plaintiff did not. The very fact that the engineer asked the foreman what to do when he got said signal showed that said signal was so unexpected as to cause the engineer to think that it might be dangerous to move the elevator in response to it without further investigation, and the foreman, without knowing whence the signal came, directed the engineer to raise the elevator, although he knew that act might imperil the plaintiff. I think that a jury would be justified in finding that the foreman was negligent in directing the engineer to raise the elevator in response to a signal which he had no reason to expect was given by the plaintiff, without first ascertaining that the plaintiff's work was finished and that he was no longer in a position to be harmed by the unexpected starting of the elevator.

The trial court set aside the verdict and dismissed the complaint on the ground that the accident was caused by the giving of the signal and that there was no proof as to who gave the signal. It may be that the accident was caused by the giving of the signal, in the sense that otherwise it would not have happened; but the negligence of the foreman, if his act was negligent, intervened between the giving of the signal and the accident. Had the foreman exercised the caution which the engineer's question suggested that the occasion demanded, he would not have directed the engineer to hoist the elevator without regard to what the possible consequences of that act might be.

The court charged the jury that the plaintiff might recover for the negligence of the engineer. This was erroneous, for the reason that the case was tried upon the concession of counsel that the engineer was the servant of said defendant, and hence the plaintiff's fellow servant. For this reason a new trial must be had.

The order appealed from should be modified accordingly.

Judgment reversed, and order modified, so as to provide for the granting of a new trial, and, as modified, affirmed, with costs to the appellant to abide the event. All concur.