(129 App. Div. 504.)

HOLT v. MILLIKEN BROS.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

MASTER AND SERVANT (§ 278*) — INJURIES TO SERVANT—ACTIONS—EVIDENCE—
NEGLIGENCE OF MASTER.
 Evidence in an action by an administrator of a servant against a master
 for negligence resulting in the death of the servant *held* to show that
 the master was negligent by directing, through a foreman or superintend-
 ent, the placing of heavy stones upon the roof of a building which was not
 strong enough to support them, resulting in a breaking of the roof, caus-
 ing the death of plaintiff's intestate.
 [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 278.*]

Appeal from Trial Term, Richmond County.

Action by William T. Holt, public administrator, against Milliken
Bros.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and MILLER, JJ.

William L. Kiefer, for appellant.

Jonathan Deyo, for respondent.

JENKS, J.   The action is by the administrator of a servant against
a master for negligence whereby the servant was killed.   I think that
the plaintiff made out a cause of action under the employer's liability
act (Laws 1902, p. 1748, c. 600), and that the judgment must be af-
firmed.

The plaintiff was at work with other fellow servants carrying coping
stones to be placed upon a wall under construction by the master.   The
wall arose above a roof which was then under construction by an inde-
pendent contractor, who at the time of the accident was setting up
temporary frames to receive concrete, and who had covered the roof
with a temporary flooring.   The general superintendent of the defend-
ant obtained permission from this independent contractor to use his
hoist to carry the stones to the roof and to pass over the roof in order
to carry the coping stones to this wall.   When the servant was at work
thus carrying these stones a part of the roof fell and brought him down
with it.   The roof was practically ready for shoring, but was tempo-
rarily, not permanently, shored.   The collapse of the roof, or rather a
part thereof, was due to the fact that some of these heavy coping
stones had been put upon the roof, which was insufficient to sustain
their weight and that of the men engaged in carrying them.   There is
evidence that these stones were thus placed temporarily upon the roof
under the direction of Gilligan, an employé of the defendant.   This
work had been doing for two or three days.   The representative of the
said independent contractor, two days before the accident, found stones
resting upon this roof, called Gilligan's attention to it, told him that it
was not safe to place stones on any part of the roof, as it was not shor-
ed, and caused Gilligan to remove them.   Gilligan promised to desist.

Upon this evidence I think that the jury could find that the master
was negligent if Gilligan thereafter directed the plaintiff to put down a
stone or stones upon the roof, provided such order was given by Gilli-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gan as a superintendent in the exercise of such duty of superintendence. The status of Gilligan was submitted to the jury, and the question is whether the evidence sufficed for a finding that Gilligan, when he ordered the servant to place the stone upon the roof, was a superintendent engaged in an act of superintendence. There is evidence that Gilligan had charge of these men and gave orders to them. He directed them where to carry the stones, and where to place them, and generally as to what was to be done about this particular work. He did not work with his hands, and it appears that he was the only person who continuously gave these directions and oversaw this particular work. The defendant offered evidence that its superintendent was McLean; but McLean testified that the "job" was "a big large job" and "covered a large area," and that he walked around it three times a day, and then he was occupied in the office. He was occupied with engineering office work, and had general charge. McLean testifies that he had several "foremen," and that Marsh was the foreman of the work in question; but he also testifies that Gilligan was in charge of these men at that time, and that Marsh was the general foreman of all of the laborers. In the language of Cullen, C. J., writing for the court in Guilmartin v. Solvay Process Co., 189 N. Y., at page 495, 82 N. E., at page 726:

"The question in any case brought under the statute is not whether the negligent act is a detail of the work, but whether it is a detail of the superintendent's part of the work, or of that of the subordinate employés and servants."

I think that the jury could find properly that Gilligan was a superintendent within the purview of the statute, and that the act of Gilligan in directing the men in his charge where to place these stones was a detail of superintendence. See Mikos v. New York Central & Hudson River R. R. Co., 118 App. Div. 536, 102 N. Y. Supp. 995, affirmed 191 N. Y. 506, 84 N. E. 1116.

The judgment and order should be affirmed, with costs. All concur.