IMPELLIZZIERI v. CRANFORD.

(Supreme Court, Appellate Division, Second Department. January 26, 1912.)

1. MASTER AND SERVANT (§ 182*)—FELLOW SERVANT—"ACT OF SUPERINTENDENCE."

The engineer of defendant in charge of a steam shovel gang, who hired and discharged the men and directed the manner of their work, directed plaintiff to perform work directly under the bucket, and, on plaintiff's request that he have the bucket turned to one side because there were two men working on the arm of the engine or crane, said "It's all right. Go ahead. Don't be afraid," although the arm could have been easily swung to one side. *Held*, that the engineer's determination was an act of superintendence within the employer's liability act.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 182.*

For other definitions, see Words and Phrases, vol. 7, pp. 6791, 6792.]

2. TRIAL (§ 260*)—INSTRUCTIONS.

In an action for personal injuries by a servant struck by the falling of a bucket under which he was working, where the court instructed that it was a question for the jury whether reasonable caution required that defendant's engineer should have swung the bucket away from where the plaintiff was working, instead of leaving it hanging over him, liable to fall upon a slight disturbance of a lever, and in speaking with counsel said that the negligence, if any, was the omission to swing the arm a little to one side while working under it, the refusal of an instruction that, if the only proximate cause of the accident was the negligence of a fellow servant kicking the lever, they should find for defendant, was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TRIAL (§ 260*)—INSTRUCTIONS—REPETITION.

Where the court has once in its own language clearly and intelligently stated to the jury the rule of law applicable to a case, it is not required to repeat the same in language of counsel, which is less clear and less calculated to properly guide the jury than that which it had used.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. MASTER AND SERVANT (§ 97*)—MASTER'S LIABILITY—DEGREE OF CARE REQUIRED.

The measure of a master's duty is not that of an insurer, and he is not liable upon the ground of a possible happening, where such happening would not have been reasonably anticipated.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. § 97.*]

Hirschberg, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Guiseppe Impellizzieri against Charles Cranford. From a judgment of the Supreme Court in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Edward J. Redington, for appellant.

Leonard F. Fish, for respondent.

BURR, J. When this case was before this court upon a previous appeal (141 App. Div. 755, 126 N. Y. Supp. 644), the facts connected with the happening of the accident, as a result of which plaintiff was injured, were stated. It is unnecessary to restate them here, except to observe that upon the last trial it was made clearly to appear and without dispute that the immediate cause of the descent of the bucket was that the fireman, Hildebrand, in ascending the arm of the crane to replace the rope, struck with his foot a lever projecting over that portion of the arm upon which he was climbing.

This action is brought under the employer's liability act. Upon the first trial the notice which was served when offered in evidence was excluded as we thought erroneously. Upon the last trial it was admitted.

[1] It appears that the engineer, Wallace, hired and discharged the seven or eight men composing the gang with which plaintiff worked, and gave orders to them as to the manner in which they should do their work, and also to the craneman and fireman who assisted him in operating the steam shovel. Plaintiff testifies that just before the accident happened and after Wallace had told him and some others of the gang to take the rails from the rear of the shovel and place them in front thereof, directly under the bucket which afterwards descended, he said to him, "Have that box turned one side [meaning bucket], because there was two men working on the arm of the engine"; that he said, "Turn that box around some way," and that Wallace said, "It's all right. Go ahead. Don't be afraid; don't be afraid." It also appears that by pulling a lever in the cab of the en-

gine the arm of the crane could have been swung to one side, and that this was a very simple matter, requiring but a brief period of time. If that had been done, plaintiff would not have been injured.

We think that the jury were justified in finding that the determination by Wallace, the engineer, whether he should or should not swing this arm around, was a detail of superintendence, and not a detail of the work, and that within the meaning of the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204) he was then exercising acts of superintendence. Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725; Toppi v. McDonald, 128 App. Div. 443, 112 N. Y. Supp. 821, affirmed 199 N. Y. 585, 93 N. E. 1133; Smith v. Milliken Bros., Inc., 200 N. Y. 21, 93 N. E. 184. We think also, that the evidence justified the finding of the jury that the conversation between Wallace and plaintiff did take place as testified by him, and that Wallace's conduct upon that occasion was negligent. We think, also, upon the questions of plaintiff's assumption of risk and freedom from contributory negligence which were submitted to the jury, the verdict was sustained by the evidence.

[2] It would follow that this judgment must be affirmed but for certain exceptions taken to the court's refusal to charge as requested by defendant. In the main charge the court says:

"It is a question for you whether, it having been suggested to the engineer to swing it aside, so that it would not be hanging over their heads, considering how easily the thing could be done, reasonable caution did not require that that should be done, and that these men should not be required to work with something hanging over their heads of great weight, which was held in place only by a lever, which could be disturbed by the touch of the toe of a man's boot. If the engineer ought, in the exercise of reasonable prudence, to have done that, then the defendant was negligent."

And again the court said:

"You are to determine, in view of all these considerations, whether, in the exercise of proper caution and prudence, having regard to the safety of these men's lives and limbs, it was not the duty of the engineer to have swung this boom aside, so as to relieve them from any menace or risk while they were at work down there."

At the close of the charge defendant's counsel presented this request:

"I ask your honor to charge the jury, in that connection, that, if they find that the proximate cause of this accident was the negligence of Hildebrand in kicking that lever, their verdict must be for the defendant, as that would be the negligence of a fellow servant, pure and simple."

The court replied:

"No; I will not charge that. One of the proximate causes, of course, was the kicking of the lever, but that only joined with the other negligence, if they find that the other negligence existed."

Defendant's counsel then presented this request:

"I ask your honor to charge the jury that, if they find that the only proximate cause of the accident was the negligence of Hildebrand in kicking the lever, their verdict must be for the defendant."

The court replied:

"No; I will not charge them anything about it. The facts are just as your witnesses testified. I tell them if they find that the engineer should, upon the request of these men, have swung the menace to one side, that you are liable, the other conditions existing as to which I have charged them before."

While the latter request may have been technically accurate, we might deem the refusal an immaterial error in view of what the court had already said upon the subject as above set forth, particularly as on two other occasions during the course of the trial the court had asserted the same proposition therein contained. In discussing the case with counsel, he had said:

"The negligence, if any, is the omission to swing that boom a little to one side when laying this track."

And, again:

"There is nothing else in the case, except whether the engineer should not have shifted the boom a little so that these men would not have to work right under a ton weight of iron."

It seems to us that this language and the language of the main charge conveyed to the minds of the jury the principle by which they were to be governed more clearly and intelligently than did the technical words, "only proximate cause."

[3] If a presiding justice has once in his own language clearly and intelligently stated to the jury the rule of law applicable to a case, he is not required to repeat the same in language framed by counsel which is less clear and less calculated to properly guide the jury than that which he has employed.

[4] But in the main charge, while the court had properly instructed the jury that the measure of the engineer's duty as to the swinging aside of the crane was that required by "reasonable caution," in the application of the abstract rule to the facts of this case, defendant's counsel asked the court to charge that:

"If in the exercise of reasonable care and prudence the engineer could not have foreseen that Hildebrand would have kicked the lever, their verdict must be for the defendant."

The court refused, saying:

"I have left it to the jury to say whether, the lever being there and Hildebrand being directed to go up, the engineer should have taken the precaution to swing the boom aside."

To this refusal defendant's counsel excepted, and, again addressing the court, said:

"If the engineer in the exercise of reasonable care and prudence would not have foreseen that Hildebrand would have kicked this lever, their verdict must be for the defendant."

The court replied:

"If he could have foreseen that there was any chance of it, and the jury may find that, that he could very well have foreseen that there was a chance of it—he knew where the lever was, and he knew where Hildebrand was going—and if he could clearly have foreseen that Hildebrand might touch it on the way up and so endanger these people, if he could clearly have fore-

seen the possibility of that, then the question is raised whether reasonable care and prudence, in view of the value of life and limb, did not require him to do a thing which could be so easily done."

To the refusal to charge as requested, and to the charge as given, defendant's counsel excepted. We think that is an exception fatal to the judgment. It permitted the jury to find defendant guilty of negligence upon the ground of a possible happening, even though such happening would not have been reasonably anticipated. It raised the ground of defendant's liability from that of negligence to that of insurance. This is not the measure of a master's duty. This may have been the basis of the jury's verdict.

The judgment and order denying the motion for a new trial must be reversed and a new trial granted, costs to abide the event. All concur, except HIRSCHBERG, J., dissenting.