(153 App. Div. 414.)

CAIN v. THOMPSON-STARRETT CO.

(Supreme Court, Appellate Division, Second Department. November 27, 1912.)

1. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NOTICE OF CLAIM.

A servant's notice of injury, under Employer's Liability Act (Laws 1902, c. 600; Consol. Laws 1909, c. 31) § 201, stating that plaintiff was struck by a hook and chain, was thrown, and that the injury was caused "by the negligent act of your superintendent in directing the operation of a derrick and boom with a chain not in use attached, which should not have been on the boom, and directing the derrick to be boomed out too far, and by the negligent manner in which said derrick was constructed, and by your failure to formulate and enforce appropriate rules, and in that you conducted the work by dangerous and unsafe methods," sufficiently stated the cause of the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 182*)—INJURY TO SERVANT—EMPLOYER'S LIABILITY ACT—"SUPERINTENDENT."

A foreman in charge of the operation of a derrick, there being no other present in charge, was a "superintendent," within Employer's Liability

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Act (Laws 1902, c. 600; Consol. Laws 1909, c. 31) §§ 200–204, relating to compensation for personal injuries to servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*

For other definitions, see Words and Phrases, vol. 7, pp. 6792, 6793.]

3. MASTER AND SERVANT (§ 182*)—INJURY TO SERVANT—DETAIL OF THE WORK —SUPERINTENDENCE.

Although leaving a dangerous twin chain on the boom of a derrick might be a detail of the work, the order of the foreman in charge not to take it off was an act of superintendence, within Employer's Liability Act (Laws 1902, c. 600; Consol. Laws 1909, c. 31) §§ 200–204, and not the act of a fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

Appeal from Trial Term, Westchester County.

Action by Neri Cain against the Thompson-Starrett Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

James J. Mahoney, of New York City, for appellant.

Thomas J. O'Neill, of New York City (L. F. Fish, of New York City, on the brief), for respondent.

HIRSCHBERG, J.   The action is brought under the Employer's Liability Act (chapter 600, Laws of 1902), now embodied in the Labor Law (chapter 36, Laws of 1909 [Consolidated Laws, c. 31], §§ 202 to 204, inclusive).   The plaintiff has recovered a verdict, and the appeal is from the judgment only.

The notice of appeal states that the appellant will bring up for review the order denying motion for a new trial, apparently pursuant to the provisions of section 1310 of the Code allowing such incidental review from an interlocutory order.   Without passing upon the propriety of the peculiar practice, I think the result of the appeal in this instance would be the same if the notice had been drawn in the usual form for an appeal from both judgment and order.

The accident in which the plaintiff sustained the injuries of which he complains occurred on the 30th day of October, 1909, in the borough of Manhattan, while the plaintiff was engaged as an employé of the defendant in the construction of the Gimbel Store, at Thirty-Second street and Sixth avenue.   The defendant was engaged at the time in the work of hoisting iron beams and girders with a derrick and boom, under the superintendence and direction of a foreman in charge of the work, named Lewis, and the plaintiff was one of the workmen engaged under Lewis' supervision and control.   To the boom were attached a ball, with a big hook and a "twin chain," as it is called, for hoisting heavy girders.   The twin chain was not suitable for the work of hoisting lighter loads, and the custom was to detach it at such times. On the day in question, however, after the heavy girders had been hoisted, and there was no further immediate use for the twin chain, it was left hanging on the apparatus, instead of being taken off.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The evidence establishes the fact that it was dangerous to so leave it. The attention of Lewis was directed to the fact by one of the workmen; but he refused to permit it to be taken off, and insisted on the work being continued with the twin chain hanging on the end of the boom, as stated. Lewis was examined as a witness himself on behalf of the defendant, and he admitted that it was customary to remove the twin chain, but that it was not done on the occasion in question because they were in a hurry. The result of the work in the manner in which it was done was that, while the plaintiff was engaged in the hoisting of the light loads, the hook of the twin chain fell upon his head and inflicted the injuries sustained by him.

The main points presented by the appellant are that the notice served under the statute was defective, that Lewis was not such a superintendent as is meant by the act in question, and that his direction for the use of the derrick and boom with the twin chain hanging to them was a mere detail of the work.

[1] I think the notice was sufficient. The statute requires that it should state "the time, place and cause of the injury." The time and place are stated accurately, and the notice further states that the plaintiff was struck by the chain and hook, and was thrown and sustained serious and permanent injuries to his head and body, and that the injury was caused—

"by the negligent act of your superintendent in directing and permitting the operation of a derrick and boom with a chain not in use attached thereto, and which should not have been on the boom, and by the negligent act of said superintendent in directing and permitting said derrick to be boomed out too far, and by the negligent and careless manner in which said derrick was constructed, placed, and operated, and by your failure to formulate and enforce appropriate rules affecting the situation, and in that you conducted the work by dangerous and unsafe methods."

[2] Lewis may not have been called a superintendent. He was, however, unquestionably acting at the time as such, being intrusted by the defendant with the duty of superintendence, and there was no other superintendent present than himself.

[3] The fact, if it be a fact, that the leaving of the twin chain hung on the boom was a mere detail of the work, does not affect the result. In Guilmartin v. Solvay Process Co., 189 N. Y. 490, 495, 82 N. E. 725, 726, the injury resulted from a failure on the part of the foreman, under whose direction the work was being done, to stop the engine; and the court held that, notwithstanding such failure was negligence in a mere detail of the work, it did not relieve the master from liability where the foreman was acting as superintendent, and that his failure to stop the engine was an act of superintendence. After examining the trend of the authorities, Chief Judge Cullen said:

"Therefore the question in any case brought under the statute is, not whether the negligent act is a detail of the work, but whether it is a detail of the superintendent's part of the work, or of that of the subordinate employés and servants. In the present case, had the foreman, Mullin, attempted to stop the engine himself, and so carelessly done the work as to cause injury to other employés, that might very well be deemed the negligence of a coservant, for which the master would not be liable; but the determination of the question whether the machinery should be stopped be-

fore the men were put to work on it was of a very different character. None of the other workmen could direct the engine to be stopped. Mullin alone had that power. His direction in reference thereto, or failure to direct, was an act of superintendence. At least, the jury was authorized to so find."

In Boyle v. McNulty Brothers, 129 App. Div. 412, 414, 113 N. Y. Supp. 240, 242, this court held that the act of a foreman in charge of work, who ordered an engineer operating an elevator to raise the same by giving an erroneous signal, which caused it to be lowered, was an act of superintendence. Mr. Justice Miller said:

"It is undisputed that said foreman was a superintendent within the meaning of the Employer's Liability Act. The work was being done under his personal supervision and direction. His act, in directing the engineer to raise the elevator in response to the signal of one bell, was an act of superintendence. Guilmartin v. Solvay Process Co., 189 N. Y. 490 [82 N. E. 725]."

See, to the same general effect, Buckley v. Beinhauer, 136 App. Div. 540, 121 N. Y. Supp. 180, McHugh v. Manhattan Ry. Co., 179 N. Y. 378, 72 N. E. 312, Gallagher v. Newman, 190 N. Y. 444, 83 N. E. 480, 16 L. R. A. (N. S.) 146, and Smith v. Milliken Bros., Inc., 200 N. Y. 21, 93 N. E. 184.

The case presents no ruling which seems to require a reversal, and the judgment should be affirmed, with costs. All concur.