solely for the purpose of injuring the respondent. Such a proceeding under the circumstances is one that the court cannot too strongly condemn. It suffices to say, however, that an examination of all these papers satisfies us that the charges are without foundation, and that nothing that appears in the papers submitted to us reflects at all upon the respondent's professional conduct.

The proceedings are therefore dismissed. All concur.

------

·NAPPA v. ERIE R. CO.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1913.)

1. APPEAL AND ERROR (§ 1099*)—LAW OF CASE—DECISION ON FORMER APPEAL—QUESTIONS DECIDED.

Though plaintiff's counsel, on the former appeal in a freight handler's action for injuries from a platform skid slipping, urged that defendant was liable because of the foreman's negligence in requiring work to be done before the skid was fastened, where that ground of liability was not submitted at the first trial, and the judge then charged that the negligence relied on was in failing to properly secure the skid as an appliance under the Employer's Liability Act, it could not be claimed on a second appeal that the judgment on the former appeal settled the question of the foreman's negligence so as to preclude reliance thereon on the subsequent appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

2. MASTER AND SERVANT (§ 190*)—MASTER'S LIABILITY—NEGLIGENCE OF SUPERINTENDENT.

A railroad company would be liable for the negligence of its freighthouse foreman in directing freight handlers to work upon a skid known to be insecure, though it was not a defect in the ways, etc.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

3. MASTER AND SERVANT (§ 286*)—INJURIES—JURY QUESTION—NEGLIGENCE.

Evidence, in an action for injuries to a freight handler by a skid slipping from a platform and permitting him to fall, held to make it a jury question whether the foreman was negligent in directing the men to work upon an insecure skid.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

4. MASTER AND SERVANT (§ 252*)—NOTICE OF INJURY—SUFFICIENCY OF NOTICE.

A notice of injury, in a freight handler's action for injuries by the slipping of a skid, permitting him to fall, stated that the injuries were caused by the falling of a skid on which plaintiff was standing, causing him to fall and a barrel of sugar to fall upon him; that the skid fell because of the unsafe manner in which it was secured; that it was furnished by defendant's superintendent as plaintiff's place of work; and that it was the superintendent's duty to have provided a safe place of work, which he neglected to do. *Held*, that the notice sufficiently stated the cause of the injury under Labor Law (Consol. Laws 1909, c. 31) § 201, requiring it to state the time, place, and cause of a servant's injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

McLennan, P. J., and Foote, J., dissenting.

------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Erie County.

Action by Frank Nappa against the Erie Railroad Company. From a judgment of nonsuit and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

See, also, 195 N. Y. 176, 88 N. E. 30, 21 L. R. A. (N. S.) 96.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Eugene M. Bartlett, of Buffalo, for appellant.

Helen Z. M. Rodgers, of Buffalo, for respondent.

KRUSE, J. On the afternoon of November 25, 1904, the plaintiff, a freight handler in defendant's employ, was assisting in unloading barrels from a freight car into a freighthouse. The barrels were rolled over an iron skid or running board, about three feet square, one end of which was placed on the floor of the car and the other on the platform of the freighthouse. Usually the skid was secured by nailing a wooden cleat on the platform at the end of the skid, but upon this occasion that was not done, and the skid was not secured in any way. It fell while the plaintiff was standing with one foot on the skid and the other on the platform, engaged in his work, and he fell with it, a barrel falling against his leg, and he was hurt.

The plaintiff seeks to recover damages for the injuries thus sustained. A notice was served so as to bring the case within the provisions of the Employer's Liability Act, now embodied in the Labor Law (Consol. Laws 1909, c. 31, §§ 200–204). The nature of the notice will be more fully stated hereafter. The case has been twice tried. On the first trial the plaintiff had a verdict. The judgment entered thereupon was, on appeal, affirmed by this court (123 App. Div. 915, 108 N. Y. Supp. 1141), but the Court of Appeals reversed the judgment and ordered a new trial. 195 N. Y. 176, 88 N. E. 30, 21 L. R. A. (N. S.) 96. Upon the second trial, at the close of the plaintiff's case, a nonsuit was granted, and from the judgment entered thereupon and the order denying the plaintiff's motion for a new trial, the plaintiff appeals.

Upon the first trial the case was submitted to the jury upon the theory that the insecure skid was such a defect as might bring the case within the provisions of the Employer's Liability Act, but the Court of Appeals held that the skid and cleat, moved by workmen from car to car, were no part of the ways, works, or machinery, within the meaning of that act, nor of the safe place to work at under the common law, but tools and appliances furnished the freight handlers, and if one was injured by the negligent act of another in using the same it would be a risk of the employment, imposing no liability upon the master, and that the defendant was entitled to have charged, as it in substance requested, that the use of the skid and cleat was a mere detail of the work, and not covered by the Employer's Liability Act.

[1] It is now contended on behalf of the plaintiff that there was negligent superintendence in directing the men to work upon the insecure skid. But the defendant insists that the former appeal necessarily involved that question, and that it was passed upon by the Court of Appeals adversely to the plaintiff. I am of the opinion that the

question is still open.  While counsel for the plaintiff did urge upon the former appeal that the defendant is liable for the negligence of the foreman in requiring the workmen to proceed before the skid was fastened, that was not a ground of liability submitted to the jury on the first trial.  The judge held, and charged the jury, that the skid, the floor, the freighthouse, and the cleat used to secure the skid were all appliances or ways, within the Employer's Liability Act, stating that the grounds of negligence were in failing and negligently omitting to properly secure the appliance or skid, and explicitly instructed the jury that they must find that the accident was the result of the neglect on the part of the defendant to properly secure the cleat, to entitle the plaintiff to recover.

It appears that one car had been unloaded.  The skid was then moved from that car and placed in position for unloading the car in question.  The cooper, who was around the freighthouse, usually secured the skid.  He carried the hammer, nails, and cleat.  He was called by the workmen upon this occasion to secure the skid, first by the foreman or boss, as he is called by the witnesses, and then several workmen called to him; but he did not come.  Thereupon the foreman told the workmen to go ahead with their work, saying, according to the testimony of the witnesses, that bye and bye the cooper would come and fix the skid.  While this was taking place, the plaintiff was absent getting a drink of water.  He returned and went to work with the other men.  The skid was not secured; it fell, and the plaintiff was hurt, as has been stated.

[2] Although the insecure skid was not a defect in the ways, works, or machinery, and the moving and securing of the skid was a mere detail of the work, as has been held by the Court of Appeals, the defendant may still be liable, if the foreman was negligent in superintending the work by directing the men to work upon the skid, knowing that it was insecure.

[3] I think the evidence sufficient to make out a case of negligent superintendence.  Guilmartin v. Solvay Process Company, 189 N. Y. 490, 82 N. E. 725.

[4] But it is further contended, upon the part of the defendant, that the notice served is insufficient to hold the defendant liable for negligent superintendence under the Labor Law.  The statute requires the notice to state the time, place, and cause of the injury.  Labor Law, § 201.  The notice states that the injuries were caused—

"by the falling of the platform or skid on which said Frank Nappa was then standing, causing him to fall and precipitating a barrel of sugar upon him, and that the falling of said platform or skid was caused by the unsafe and improper manner in which it was placed and secured, and that said platform or skid was furnished by you and your superintendent as the way and place for said Frank Nappa to use in his work, and that it was the duty of you and your superintendent to have provided a safe and proper way and place for said Frank Nappa to work.  This you and your superintendent neglected to do, and you are hereby notified that the said Frank Nappa has a claim against you for five thousand dollars ($5,000.00) for the injuries sustained by him, under the statute in such cases made and provided, and by reason of such negligence as aforesaid."

I think the notice is sufficient. Greif v. Buffalo, L. & R. Ry. Co., 205 N. Y. 239, 98 N. E. 462. While the notice does not specifically state that there was negligent superintendence, it states the cause of the injury, which is all the statute requires; and the complaint itself states a case of negligent superintendence, as I think.

The judgment and order should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur, except McLENNAN, P. J., and FOOTE, J., who dissent upon the authority of the decision in same case on former appeal, reported at 195 N. Y. 176, 88 N. E. 30, 21 L. R. A. (N. S.) 96.