CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; GRAY, J., absent.

Judgment of conviction affirmed.

---

PASQUALINA BERTOLAMI, as Administratrix of the Estate of GEORGE BERTOLAMI, Deceased, Appellant, *v.* UNITED ENGINEERING AND CONTRACTING COMPANY, Respondent.

**Employers' Liability Act — validity of notice of injury.**

Where, in an action brought under the Employers' Liability Act (L. 1902, ch. 600) for the death of an employee, the only objection taken by the defendant, upon the trial, to the notice of injury served by plaintiff in pursuance of the statute, was " to the sufficiency of said notice on the ground that it fails to state, as a cause of injury, the negligence of a superintendent or person acting as such," the defendant cannot, upon an appeal to the Court of Appeals, urge, in support of the decision of the Appellate Division, the objection that the notice is insufficient because it states different, inconsistent and inapplicable causes of injury and, also, that it does not state, with sufficient definiteness, the place of the accident.

The notice of injury describes with substantial accuracy and completeness the exact physical cause of the injuries to plaintiff's intestate, the falling of a mass of rock and earth upon him while working in the construction of a tunnel.    The specifications of the claim, that the defendant is responsible for the accident, are somewhat general, because the notice does not state the name, grade or duties of the particular person representing defendant and through whom it acted when guilty of the alleged omissions, and because it does not state that such person was an agent acting as, or exercising the duties of, a superintendent in its behalf.    The defendant was notified, however, of that which fell upon and injured the intestate, and was apprised of the plaintiff's claim that it was responsible for the accident because of its failure, in substance, to inspect, safeguard and keep safe the place wherein the intestate was

working. *Held*, that such notice sufficiently indicates the wrongful misconduct of the defendant, claimed to have been the cause of the accident and relied upon as the basis of the action, so that the defendant might, by virtue of such notice, investigate and prepare to defend against the charge thereafter to be prosecuted, and, hence, that the notice as a whole contains enough to comply with the requirement of the statute that it should state the "cause of the injury." (*Finnigan* v. *N. Y. Contracting Co.*, 194 N. Y. 244, distinguished.)

*Bertolami* v. *United Engineering & Contracting Co.*, 132 App. Div. 804, reversed.

(Argued February 14, 1910; decided March 4, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 18, 1909, which reversed a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas J. O'Neill* for appellant. The notice was sufficient, because it stated the cause of the injury, to wit, the falling upon decedent of large quantities of rock and earth. (L. 1902, ch. 600, § 2; *Tobasco* v: *M. N. F. Co*, 127 App. Div. 677; *O'Donnell* v. *Parker*, 109 N. Y. Supp. 877; *Sheehy* v. *City of New York*, 160 N. Y. 139; *Lynch* v. *Allen*, 160 Mass. 248; *Brick* v. *Bosworth*, 162 Mass. 334.)

*Theron G. Strong* for respondent. The notice served by plaintiff purporting to comply with the Employers' Liability Law was insufficient because it failed to specify as a cause of injury the cause for which plaintiff was permitted to recover. (*Gmaehle* v. *Rosenberg*, 178 N. Y. 147; *Finnigan* v. *N. Y. C. Co.*, 194 N. Y. 244; *Matrusciello* v. *Milliken Bros.*, 129 App. Div. 661; *Barry* v. *D. D. Co.*, 121 App. Div. 810; *Glynn* v. *N. Y. C. & H. R. R. R. Co.*, 125 App. Div. 86; *Palmieri* v. *Pearson & Son*, 128 App. Div. 231.)

Hiscock, J.  While plaintiff's intestate was at work for the defendant in the construction of the Pennsylvania terminal tunnel in New York city a mass of rock and dirt fell upon him and killed him.  It was found upon the trial and has been assumed upon this appeal that the accident was the result of negligence on the part of an employee charged with duties of superintendence in not properly shoring up that portion of the tunnel.  The action was brought under the Employers' Liability Act and the judgment recovered has been reversed solely on the ground that the notice served by plaintiff in accordance with the provisions of that act was insufficient.

This notice reads as follows:

"Notice

" To United Engineering & Contracting Company,
"# 32 East 33rd Street,
"New York City.

" Sirs.--Please take notice that on August 7th, 1906, George Bertolami, deceased, then in your employ, received injuries to his body which resulted in his death, and that said injuries and death were received while working in connection with the contracting operation of the Pennsylvania Terminal excavation on East 33rd Street, New York City, Manhattan.

" That the injuries which caused the death of the said George Bertolami were caused without any negligence on his part in any wise contributing thereto, but solely by your negligence, as his master, in that you failed to furnish him with a reasonably safe place to work, and failed to reasonably safeguard, inspect and keep safe the place, appliances and apparatus used in connection with said contracting operation, and failed to furnish deceased and said contracting operation with reasonably safe appliances, apparatus, cables, ropes, wires, buckets, ways, works and machinery with which to do said work, and knowingly employed and retained incompetent foremen and co-workmen to guide, direct and assist him in the performance of his work, and failed to formulate, promulgate and enforce proper rules and regulations for the safety of

deceased and his said co-employees, as a result of all of which large quantities of rock and earth and a bucket were caused to fall upon the body of the said George Bertolami, and injure and kill him, as aforesaid.

" Yours, etc.,

"(Signed)   PASQUALINA BERTOLAMI,

"*Administratrix.*"

In attempting to sustain the decision of the Appellate Division that this notice was insufficient, the defendant urges two objections which are not within its reach.   It contends that the notice comes within the condemnation pronounced by us on the one involved in *Finnigan* v. *N. Y. Contracting Co.* (194 N. Y. 244) as stating different, inconsistent and inapplicable causes of injury, and also that it does not state with sufficient definiteness the place of the accident.   No such objections as these were taken to the notice on the trial.   The objection taken at the time the notice was introduced in evidence and repeated in substance on the motion for a nonsuit and by request to charge, was simply and solely " to the sufficiency of said notice on the ground that it fails to state as a cause of injury the negligence of a superintendent or person acting as such."

The available question, therefore, becomes whether the notice as a whole and relieved from these other criticisms does contain enough to comply with the requirement of the statute that it should state the " cause of the injury," and this question we are agreed must be answered in the affirmative.

At the outset and as a most important consideration in the determination of this question it is to be remembered that the notice does describe with substantial accuracy and completeness the exact physical cause of the injuries.   It only becomes a subject of criticism when it proceeds to enumerate the defaults on the part of the employer which made the accident possible, and, therefore, in a legal sense became its cause and a ground of liability on the part of the employer. Describing these and speaking to the employer it says that " the injuries   *   *   *   were caused   *   *   *   solely by

your negligence in that you failed to furnish him (intestate) with a reasonably safe place to work and failed to reasonably safeguard, inspect and keep safe the place, appliances and apparatus used in connection with said contracting operation, and failed to furnish deceased and said contracting operation with reasonably safe appliances, * * * ways, works * * * with which to do said work, and knowingly employed and retained incompetent foremen and co-workmen to guide, direct and assist him in the performance of his work, and failed to formulate, promulgate and enforce proper rules and regulations for the safety of the deceased and his co-employees, as a result of all of which large quantities of rock and earth and a bucket were caused to fall," etc.

In general terms it certainly may be said that the fall of the rock and the injuries of the intestate were caused by the failure of defendant to furnish him with a safe place in which to work and to reasonably safeguard and keep safe the place and ways and works wherein and whereon he was engaged. That is a correct even if somewhat general description of the default on the part of the employer which led up to the accident. It is true that it does not specify the name, grade or duties of the particular person representing defendant and through whom it acted when guilty of the alleged omissions. It does not state that the person through whom defendant made default was an agent acting as or exercising duties of a superintendent in its behalf, but we do not think that it was necessary for the notice to go to this extent. The defendant was notified of that which immediately fell upon and injured the intestate and was apprised of the claim that it was responsible for the accident because of its failure in substance to inspect, safeguard and keep safe the place wherein the intestate was working. This omission if it existed was of necessity primarily that of a representative who had superintendence over and control of the conditions which prevailed where the accident happened, and without going further than it did and identifying this representative and particularizing his grade and duties, the notice seems to us to comply with

the view adopted in the *Finnigan* case that the legislature must have intended " that the notice in stating the cause of the injury should with reasonable definiteness and completeness in however informal and inartistic manner, indicate the negligent or wrongful misconduct of the employer really claimed to have been the cause of the accident and really relied on as the basis of the complaint against him, and this manifestly that he might by virtue of said reasonable notice investigate and prepare to defend against the charge thereafter actually to be prosecuted."

If we should hold this notice defective for the reason assigned we think we should go to the other extreme pointed out in the *Finnigan* case as one to be avoided, of requiring " a notice of such technical form and perfection that it would satisfy the tests to be applied to a pleading and demand a skill in preparation which would be entirely beyond the capacity of a layman."

We appreciate that the present notice has some features not entirely unlike those presented by the Finnigan notice, and, as emphasized by the interesting difference of opinion at the Appellate Division, we realize the difficulty of framing any general rule by which infallibly to test every notice. Each one which is near or across the border line of insufficiency will inevitably present some special features by which it must be judged. We think that the prominent features which distinguish this notice from the Finnigan one are that it does state beyond substantial criticism what did actually and directly cause the injuries, whereas the Finnigan notice did not, and also that the specifications of defendant's legal agency in causing the accident, though perhaps in some degree general when considered simply by themselves, are apt and applicable, whereas no one of those in the *Finnigan* case was.

In so far as the first feature is concerned, it also distinguishes this case from those relied on by respondent (*Barry* v. *Derby Desk Co.*, 121 App. Div. 810; *Bovi* v. *Hess*, 123 App. Div. 389; *Glynn* v. *N. Y. C. & H. R. R. R. Co.*, 125 App. Div. 186; *Kennedy* v. *N. Y. Tel. Co.*, 125 App. Div. 846; *Matrusciello* v. *Milliken Bros.*, 129

App. Div. 661; *Galino* v. *Fleischmann & C. Realty Co.*, 130 App. Div. 605) in each one of which the notice merely stated supposed omissions of the employer legally contributing to the accident and wholly failed to state the nature of the accident.

We think that the order of the Appellate Division must be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT and VANN, JJ., concur; WERNER, J., dissents on ground that notice was insufficient.

Order reversed, etc.