James Smith, Respondent, v. Milliken Brothers, Incorporated, Appellant.

Master and servant — sufficiency of notice of injury to servant, under Employers' Liability Act — when acts of assistant foreman are acts of superintendence and, therefore, acts of the master.

A notice, served under the Employers' Liability Act (Consol. Laws, ch. 31, § 201), which states " that said injuries were caused   *   *   * solely by your (the defendant's) negligence,   *   *   * in that your foreman having and exercising superintendence over and in connection

with me, negligently conducted himself in connection with said acts of superintendence and negligently and without warning started the machine in connection with which I was working, as a result of which I was caught in the gears and received the injuries aforesaid," apprised the defendant with reasonable certainty of the real cause of the accident to plaintiff and is a sufficient compliance with the statute.

Where a contention is made, on appeal, that the notice was not signed by the plaintiff or any one else in his behalf, but was signed in type-writing, the fact that the notice was produced by and in behalf of the plaintiff on the trial of the action is sufficient, at least, to create a presumption that it was signed by him or in his behalf within the meaning of the statute.

Where the trial court, in an action for injuries to a servant, entertained defendant's motion for a nonsuit, both at the close of plaintiff's evidence and at the conclusion of the entire case, reserving decision thereon with the consent of the defendant, and having submitted the case to the jury and having again reserved decision on the motion for a dismissal of the complaint, denied a motion to set aside the verdict for plaintiff and for a new trial but ignored the motions for a nonsuit, on which decision had been reserved, the defendant has no exceptions resulting from his motion to dismiss the complaint and is confined to such exceptions as may be argued under the motion for a new trial.

The mere presence of a superior does not necessarily prevent a subordinate from acting as a superintendent. Where a superintendent had directed plaintiff to obey the orders of an assistant foreman and plaintiff was injured by an act of the superintendent done by direction of such foreman in connection with certain machinery, *held*, that the jury might say that although the superintendent was the superior, on this occasion and for the time being he had abdicated that position and was devoting himself to purely manual work, and that the order of the foreman was an act of superintendence.

*Smith* v. *Milliken Brothers*, 133 App. Div. 903, affirmed.

(Argued October 14, 1910; decided November 15, 1910.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 15, 1909, affirming a judgment in favor of plaintiff and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Verner Johnson* and *E. Clyde Sherwood* for appellant. The notice was insufficient to permit a recovery under

the Employers'. Liability Act. (*Finnigan* v. *N. Y. C. Co.*, 194 N. Y. 244; *Loyerto* v. *C. B. Co.*, 198 N. Y. 390; *Miller* v. *S. P. Co.*, 109 App. Div. 135; *Bovi* v. *Hess*, 123 App. Div. 389; *Flanagan* v. *C. C. Co.*, 134 App. Div. 236.) The complaint does not set out a cause of action for the negligence of a superintendent within the provisions of the Employers' Liability Act. Cresson E. Smith was not a superintendent within the meaning of that term as used in the statute, nor was his act in signaling to Miller to start the machine in motion an act of superintendence. (*Gallagher* v. *Newman*, 190 N. Y. 444; *Guilmartin* v. *S. P. Co.*, 189 N. Y. 490; *Quinlan* v. *L. S. Co.*, 191 N. Y. 329; *McConnell* v. *M. I. W. & D. D. Co.*, 187 N. Y. 341; *S. Oil Co.* v. *Anderson*, 212 U. S. 215; *Larson* v. *B. H. Ry. Co.*, 134 App. Div. 679; *Lowrey* v. *H. L. & P. Co.*, 121 App. Div. 245; *Hope* v. *S. & L. C. Co.*, 120 App. Div. 595; *Kujava* v. *Irving*, 122 App. Div. 375; *Falk* v. *Havemeyer*, 123 App. Div. 657.)

*Thomas J. O'Neill* and *L. F. Fish* for respondent. The notice under the act exactly describes time, place and cause of the accident, and is sufficient. (*Bertolami* v. *U. E. & C. Co.*, 198 N. Y. 71.) Smith and Miller were superintendents within the meaning of the act. (*Gallagher* v. *Newman*, 190 N. Y. 444; *Guilmartin* v. *S. P. Co.*, 189 N. Y. 491; *Faith* v. *N. Y. C. & H. R. R. R. Co.*, 109 App. Div. 222; 185 N. Y. 556; *Mikos* v. *N. Y. C. & H. R. R. R. Co.*, 118 App. Div. 536; 191 N. Y. 506.)

Hiscock, J. The action is brought under the Employers' Liability Act by the respondent against the appellant, his employer, to recover for personal injuries. The latter, at its plant on Staten Island, was engaged in installing and adjusting a large machine with rollers and cogwheels, designed for straightening iron beams. One Miller was the superintendent having general charge of the work, and one Smith was his assistant, having power to give directions to plaintiff and other

employees. On the occasion of the accident Smith directed the respondent to readjust a certain screw for the purpose of perfecting the operations of the machine, and while he was engaged in this work, and standing in whole or part on a cogwheel, Smith directed Miller, who was manually operating the lever by which the machine could be set in motion, to "go ahead." The result was that Miller, obeying this direction or signal, set the machine in motion and respondent was injured.

Counsel for the appellant has advanced several reasons for the reversal of the judgment, to which reply at length has been made by the learned counsel for the respondent, when an inspection of the record discloses that many of them are not presented for our consideration by any exception.

The first of these requiring consideration involves the sufficiency of the notice served under the act in question. When this was offered in evidence no objection was made as now argued that it did not properly state the place of the accident. The only objections which were made and which require any attention were that the notice was not signed by the plaintiff or any one else in his behalf but signed in typewriting, and that it did not "comply with the requirements as laid down in the decisions, the cause being stated as a general one and not specifically." The notice itself has not been presented on the argument and, therefore, we are unaware whether it was signed in type-writing or otherwise, and, furthermore, I do not regard that as material. The fact that the notice was produced by and in behalf of the respondent on the trial of the action is sufficient at least to create a presumption that it was signed by him or in his behalf within the meaning of the statute. The second objection presents a closer question. The notice is not a model in form and is subject to some of the criticisms which were expressed in *Finnigan* v. *N. Y. Contracting Co.* (194 N. Y. 244). I think, however, that on the whole it is our duty to uphold it. So far as this appeal is concerned it must be regarded as stating with all necessary completeness the time and place and the nature of the injuries received. Then, after considerable circumlocution and allegations of

various legal defaults, it does finally state the actual cause and manner of the injury — " that said injuries were caused * * * solely by your (the appellant's) negligence, * * * in that your foreman having and exercising superintendence over and in connection with me, negligently conducted himself in connection with said acts of superintendence and negligently and without warning started the machine in connection with which I was working, as a result of which I was caught in the gears and received the injuries aforesaid." This, I think, apprised the employer with reasonable certainty of the real cause of the accident. The material thing least identified is the machine on which respondent was working and in which he was caught. But with the other details which are given of time and place, I do not regard this lack of definiteness as sufficiently serious to invalidate the notice, within the cases of *Bertolami* v. *United Engineering & Contracting Co.* (198 N. Y. 71); *Hurley* v. *Olcott* (198 N. Y. 132); *Logerto* v. *Central Building Co.* (198 N. Y. 390).

Both at the close of the plaintiff's case and at the close of the entire case a motion was made to dismiss the complaint and for a nonsuit on various grounds going to the merits of the action. With the consent of the defendant in each instance the ruling on the motion was reserved and the case was generally submitted to the jury. The questions whether Miller, the superintendent who worked the lever, and Smith, the assistant, who gave the directions which resulted in setting the machine in motion, were exercising acts of superintendence within the meaning of the statute were left as questions of fact to the jury and no exceptions were taken to such disposition. Subsequently when the verdict of the jury had been rendered appellant's counsel moved to set aside the verdict on the various grounds provided in section 999 of the Code and also stated, " I * * * renew my motion to dismiss the complaint as previously made and undetermined." The court entertained the motion and again reserved its decision and later an order was made denying the motion to set aside the verdict and for a new trial and ignoring the motions

for a nonsuit on which decision had been reserved. Under these circumstances, the appellant has no exceptions resulting from his motion to dismiss the complaint and is simply confined to such exceptions as may be argued under the motion for a new trial.

There are two of these which perhaps present a considerable portion of the questions which were argued on the motion for a nonsuit. The court was asked to charge "That the act of C. E. Smith, whether foreman or assistant foreman, in giving the signal to start the machine while the work of adjusting the same was in progress, was the act of a co-servant and not the act of the defendant." Also " that the defendant is not liable for the negligence of C. E. Smith in signalling to Miller to start the machine, as he was not at the time performing acts of superintendence within the Employers' Liability Act, but a mere detail of the work." Exception was taken in each instance to the refusal of the court so to charge and thereby is fairly presented the inquiry whether Smith was or by the jury could be said to have been exercising superintendence when he gave the directions to start the machine which resulted in respondent's injuries. I think that a jury could have been permitted to say that he was exercising such acts of superintendence and that, therefore, the requests were properly denied.

There was evidence that Miller, the superintendent, directed respondent to obey the orders of Smith and that he had been doing so for some time. While Miller had charge of a large number of men, Smith also had charge of a considerable number who were subject to his orders and some or all of whom were engaged at the time in work upon this machine. He directed the respondent what to do at the time he was injured and he was occupying a position on the machine where he could observe the work which was being done and give directions in connection therewith, while Miller, who generally speaking was his superior, was on this occasion engaged in performing part of the manual labor connected with adjusting the machine and was not giving any orders.

Smith, who was called as a witness by the defendant, gave some testimony which is important in determining his status at the time of the accident. After testifying that he was assistant foreman he stated, referring to the time of the accident: "At that time I had twenty-five to thirty men under me on this job. I received my orders from Mr. Miller and handed them to them. If I saw anything to be done I would not go and ask Mr. Miller about it. I was their boss. * * * I was standing up on top of the machine between the housing; directly back of me was Mr. Evans, and Mr. Smith was on the other side of the machine adjusting one of the rolls. * * * I was stooping down in between the housing watching a roll as it was being shoved over. When it got far enough, I told Mr. Evans, who was directly back of me, that it was far enough, and I also told Mr. Miller to start up; * * * that the roll was all right to go ahead and straighten the bar. * * * He (Mr. Evans) then got off and I gave the command again, and Mr. Miller started the machine one point." In my opinion this evidence, with other testimony, permitted the jury to say that although, generally speaking, Miller was the superior, on this occasion and for the time being he had abdicated his position of command and was devoting himself to purely manual work, while the man who was ordinarily his assistant and subordinate was acting as superintendent in overseeing the work which was going on and determining when one step in the adjustment of the machine had been completed and when the next one should be taken. It permitted the jury to take the view that this was superintendence rather than the one urged by the appellant that Miller was acting as superintendent and that Smith's directions were merely a signal to be passed on by Miller. (*Guilmartin* v. *Solvay Process Co.*, 189 N. Y. 490; *Gallagher* v. *Newman*, 190 N. Y. 444.)

The mere presence of a superior does not necessarily prevent a subordinate from acting as a superintendent. This is apparent and the principle was practically involved and settled in *Andersen* v. *Penn. Steel Co.*, wherein a judgment

for the plaintiff was affirmed (197 N. Y. 606). In that case the intestate was killed through the alleged negligence in superintendence of one Lannon, who was a mere "pusher" or foreman of a gang of men in removing some steel work in connection with Blackwell's Island bridge, while one Wright was foreman in general charge. The court was asked to charge, " that if they find Wright, the foreman, was present at the time of the accident, Lannon cannot be treated as superintendent within the meaning of the law." It declined so to do, and instead charged, " If Wright was present and engaged in superintendence of this particular work upon which the decedent was engaged at the time of the accident, then they cannot find that Lannon was there acting as superintendent." This was excepted to, and, of course, approved by the affirmance of the judgment.

Complaint is also made because the court refused to charge " that if the words ' All right, go ahead,' or similar ones, were always used to start the machine, plaintiff having heard these words shouted by C. E. Smith, and knowing that immediately thereafter the machine would be started, was bound to step off the gearing to a place of safety, and if he failed to do so, and as a result of such failure he was injured, he cannot recover, as he was guilty of contributory negligence." One trouble with this request is that it sought to charge the respondent with the absolute duty of getting off the gears between the time he heard Smith give the order to go ahead and the time when the machine was started. It makes no allowance for the possibility that he could not do this quickly enough to escape injury, and the evidence indicates that the latter was the fact.

I recommend that the judgment be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.