CLARK v. TOWN OF COPAKE.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. HIGHWAYS (§ 203*)—DEFECTS—NOTICE OF INJURY—SUFFICIENCY.

The notice of injury given to a town stated that, while plaintiff was lawfully driving upon the public highway leading westerly from a certain station past the Catholic Church, near a house occupied by M., in defendant town, on July 2, 1908, the wagon in which she was riding was upset and she was thrown to the ground, having her arm broken and receiving other injuries to her person, and that at such time and place the road was in a defective, unsafe, and dangerous condition, by reason of which the wagon was upset "as aforesaid," and, that by reason of such facts she sustained permanent injuries. *Held*, that the notice of injury was sufficient, stating the date of the accident, its location, and the injuries received.

. [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 510–518; Dec. Dig. § 203.*]

2. HIGHWAYS (§ 187*)—DEFECTS—LIABILITY OF TOWN.

A town is only liable for injuries resulting from defective highways in cases in which the commissioner of highways was formerly liable for his own negligence.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 187.*]

3. HIGHWAYS (§ 208*) — DEFECTS — INJURIES — ACTIONS—COMPLAINT—SUFFICIENCY.

In an action against a town for personal injuries caused by a defective highway, an allegation of the complaint of the defective condition of the highway, together with an allegation of negligence by the town in permitting such condition, is equivalent to an allegation of negligence by the town highway commissioner, so that the complaint need not specifically allege negligence by him.

. [Ed. Note.—For other cases, see Highways, Dec. Dig. § 208.*] •

Appeal from Trial Term, Columbia County.

Action by Flossie Clark, an infant, by Frank Clark, her guardian ad litem, against the Town of Copake. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Dan J. Gleason (George Wood, of counsel), for appellant.
John L. Crandell, for respondent.

SMITH, P. J. The action is for injuries caused by the negligence of the highway commissioner of the defendant town, by reason of which the plaintiff was thrown from a wagon and injured. Notice of the injury was duly served within six months after the cause of action accrued, which notice has been held insufficient by the learned trial judge. The notice reads as follows:

"Copake, Iron Works, N. Y., Dec. 23, 1908.

"To Fred Holsapple, Supervisor of the Town of Copake, Columbia County, N. Y.: .

"Please take notice that, while I, Flossie Clark, was lawfully driving upon the public highway leading westerly from Copake Iron Works Station past the Catholic Church, near house occupied by Ward Morson, in said town of Copake, Columbia county, N. Y., on the 2d day of July, 1908, the wagon in

which I was riding at said place was upset and I was thrown to the ground, receiving serious injuries, to wit: A broken arm and other injuries to my person, and whereby I have been permanently injured.

"That at said time and place said road was in a defective, unsafe, and dangerous condition, by reason of which said wagon was upset as aforesaid.

"That by reason of the facts aforesaid I sustained serious loss and damage and permanent injuries, to my damage in the sum of five thousand dollars, for which said damage and amount the above-named town of Copake is indebted to me, and that I hereby file a claim against said town for said amount aforesaid, pursuant to statute in such case made and provided.

"Dated December 23, 1908.                                    Miss Flossie Clark." ·

This notice gives the date of the accident, its location, the injuries received, and in our judgment sufficiently describes its cause. Bertolami v. United Engineering, etc., Co., 198 N. Y. 71, 91 N. E. 267; Quinn v. Town of Sempronius, 33 App. Div. 73, 53 N. Y. Supp. 325; Spencer v. Town of Sardinia, 42 App. Div. 476, 59 N. Y. Supp. 412.

Defendant seeks to sustain this judgment also upon the ground that the complaint does not state a cause of action. The material part of the complaint is contained in paragraph 4, which reads as follows:

"(4) That on or about the 2d day of July, 1908, the plaintiff was being driven in a wagon along the public highway leading westerly from Copake Iron Works Station past the Catholic Church in said town of Copake, Columbia county, New York; that while so being driven upon said highway, and without the fault or negligence of the plaintiff, and by reason of the narrowness and defective condition and construction of said highway, and by reason of the negligence of the defendant, the wagon in which the plaintiff was being driven as aforesaid was overturned and upset, and this plaintiff thrown with great violence to the ground, whereby her left arm was broken and permanently injured, and whereby she received other bruises, contusions, and injuries to her head, neck, breast, back, and limbs, and whereby the plaintiff has been permanently injured, to her damage in the sum of five thousand dollars, and which said injuries were caused by the negligence, inattention, and carelessness of the said defendant."

It is undoubtedly true that the town is only liable in cases in which formerly the commissioner of highways was liable for his own negligence. An allegation, however, of a defective condition of the highway, when coupled with the allegation of the negligence of the town in permitting such condition, should fairly be construed to be an allegation of the negligence of the highway commissioner of the town. No one is misled by this form of allegation, the pleading has served its intended purpose, and in our judgment it would be hypercritical to hold the complaint defective because of a failure to allege the negligence of the particular officer for whose act the town is made liable. We think the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.