### NANNELA v. BRADY et al.

(Supreme Court, Appellate Term.   November 10, 1911.)

MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—NOTICE UNDER EMPLOYER'S LIABILITY ACT—REQUISITES.

> A notice under Employer's Liability Act (Consol. Laws 1909, c. 31) § 201, which sets forth the statutory grounds of liability, but which does not state facts disclosing the ·manner in which the accident causing the injury complained of happened, or from which the employer can be informed as to the cause ·of the accident, is insufficient, and the action must be dismissed.

> [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.*]

Appeal from City Court of New York, Trial Term.

Action by Vincenzo Nannela against John J. Brady and another, partners as Brady & Gioe.   From a judgment of the City Court of the City of New York for plaintiff, rendered on a verdict of the jury, and from an order denying a new trial, defendants appeal.   Reversed, and complaint dismissed.

Argued before SEABURY, GUY, and COHALAN, JJ.

William A. Jones, Jr., for appellants.

Hartman & Schuhmann (David Myers, of counsel), for respondent.

SEABURY, J.   The plaintiff has recovered a judgment for personal injuries alleged to have been sustained through the negligence of the defendants in whose employ he was engaged.   The action is brought under the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204).

A notice under the provisions of the act was served and offered in evidence upon the trial, over the objection and exception of the defendants.   The notice sets forth the statutory grounds of liability, but does not state facts which disclose the manner in which the accident happened, or from which the employer could be informed as to the cause of the accident.   While each notice must be judged by its own special features (Bertolami v. United Engineering Co., 198 N. Y. 71, 76, 91 N. E. 267), the notice served in the present case so closely resembles the notice which was served in Logerto v. Central Building Company, 198 N. Y. 390, 91 N. E. 782, as to fall within the condemnation of that case.   There are no special features in the present case which distinguish it from Logerto v. Central Building Company, supra.

---

The service of a proper notice being a condition precedent to the right to maintain the action, and the present notice being insufficient, it is unnecessary to discuss the other grounds upon which the appellants urge that the judgment should be reversed.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.