## ADAMS v. POST & McCORD.

(Supreme Court, Appellate Division, Second Department.  December 28, 1911.)

MASTER AND SERVANT (§ 264*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

Where the complaint in an action under the employer's liability act (Consol. Laws 1909, c. 31, §§ 200-204) for the death of a servant, which alleged that decedent's death was the result of the negligence of a servant exercising superintendence, was limited by a bill of particulars alleging the master's negligent failure to furnish a safe scaffold, and the negligence of the superintendent in permitting decedent to go on the scaffold, and in failing to furnish decedent with a safe scaffold and protect him while in the performance of his work, the master was not called on to meet the issue of the negligence of the superintendent in giving directions for the performance of the work, though evidence of the orders of the superintendent was received without objection as an incident, to show what brought about the condition from which the accident resulted, and there could be no recovery based on the negligent orders of the superintendent, at least without an amendment to the complaint.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861-876; Dec. Dig. § 264.*]

Hirschberg and Woodward, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Anna Adams, administratrix of Ernest Adams, deceased, against Post & McCord.  From a judgment for plaintiff, and from an order denying a motion for new trial made on the minutes, defendants appeal.  Reversed, and new trial granted.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Frank Verner Johnson, for appellants.

David C. Hirsch (John F. McIntyre, on the brief), for respondent.

BURR, J.  We think that this case was submitted to the jury upon a ground not warranted by the complaint as limited by the bill of particulars, and that defendant was justified in being unprepared to meet the issue thus tendered.

Plaintiff's intestate was employed by defendant as a structural iron worker.  On the 7th day of August, 1907, in the afternoon of that day, he, with his coemployés, was engaged in raising the mast of a derrick from the sixteenth to the eighteenth floor of a building in process of erection in the borough of Manhattan.  While they were thus engaged, as plaintiff contends, one Ike Neill, who was the foreman or "pusher" of the gang of men of which deceased was a member, gave the order to "slack that load."  Plaintiff contends that this order meant, and was understood to mean, to ease up on the fall rope so that it would be slackened, that the rope was slackened, and that the result thereof was to cause either a heavy counterweight or an iron block attached to the fall to drop suddenly.  At that moment deceased was standing upon a piece of scantling which had been thrust through the open latticework of an iron column, and was engaged in releasing the lashing which bound the boom of the derrick to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mast. As this mass of iron dropped, it struck him in the head, causing him to fall to the second floor below, from which fall he sustained injuries resulting in his death.

The action was brought under the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204). The complaint alleged almost every act of omission or commission upon which failure in the duty of a master to a servant could be predicated. But, so far as any allegation of negligence relating to acts of superintendence is concerned, it must be found, if at all, in the third paragraph of the complaint, which alleges that decedent's death was the result of the negligence and carelessness of "the person in the employ of said defendant whose sole and principal duty was, * * * and who exercised, superintendence." In the absence of any statement of the facts constituting such negligence, it may be doubted whether any evidence in support of this general charge of negligence was admissible. Pagnillo v. Mack Paving & Construction Co., 142 App. Div. 491, 127 N. Y. Supp. 72. But, after issue joined, plaintiff served a bill of particulars. After specifying as one act of defendant's alleged negligence failure to furnish a safe and proper scaffold, she further stated that the acts of negligence of defendant or its superintendent, as alleged in the third paragraph of the complaint, were:

"That they caused and permitted plaintiff's intestate to go upon the said unsafe, dangerous, insecure, and improper scaffolding or appliance and in failing to furnish plaintiff's intestate with a proper and safe scaffold upon which to work and in failing to protect and safeguard the plaintiff's intestate while in the performance of his work, all of which is more fully alleged in the third paragraph of the complaint."

Under the complaint as limited by this bill of particulars, defendant was not called upon to anticipate any such claim as that upon which at the trial plaintiff sought to establish its negligence, or to meet the issue upon which the case was sent to the jury. It may be that, upon a sufficient pleading, it would have been proper to submit to the jury the question whether Neill was a superintendent, whether, if he did give the order to slack the load, this was an act of superintendence, and whether, under the circumstances here disclosed, that was a negligent act causing injury from which the death of plaintiff's intestate resulted. Smith v. Milliken Bros., 200 N. Y. 21, 93 N. E. 184. But defendant was not called upon to meet any such issue, at least without an amendment to the complaint, and no such amendment was asked for or obtained. The fact that the evidence as to the giving of this order was received without objection on defendant's part cannot be construed as a waiver of objection to the submission of the case to the jury on this theory. As the learned trial justice aptly remarked, "defendant might have thought that was simply one of the incidents which was connected with the accident." And the evidence was doubtless material and competent as showing what brought about the condition from which decedent's fall resulted. The very moment that, at the close of plaintiff's case, in opposition to defendant's motion for a nonsuit, this theory of liability was advanced, defendant claimed surprise, and properly so. It appeared that Ike

Neill was not in court, and, after defendant's motion to dismiss the complaint had been denied, permission to withdraw a juror by reason of his absence was asked for and denied. Defendant was not required to have him in court, or to take his testimony as to the giving of this alleged negligent order, for no such issue was tendered by the pleadings. It is true that defendant's counsel admitted that he did not know at the time of the trial just where Neill was, although he was supposed to be in Texas. But, if defendant had been advised of the importance of his testimony, it may be that it would have made more strenuous efforts to locate him and secure his testimony as a witness, or arrange to take it by commission, or to secure other testimony bearing upon that point. At any rate, it was entitled to a fair opportunity, after the complaint had been properly amended, to secure such evidence thereon as it could. When the learned trial court submitted the question of defendant's liability to the jury, it did so in the following language:

"Did the man Neill call out, as a direction to the man who had charge of the signal, 'Slack off that load,' when these men were on the mast, engaged in the performance of that perilous duty? Did he do it at that time, and, as a result of that, was that load slackened by the engineer in the basement, and was that what caused this accident? If you find that those are not the facts, then, so far as this assignment of negligence is concerned, the plaintiff cannot prevail. * * * If you find that they did, that that direction was given by this man, who was a superintendent, as an act of superintendence, and that that was a negligent direction to give at the time, in view of the consequences which might be expected from it, and, as a result of that, the man was knocked from this mast and killed, then you are justified in finding that the defendant was negligent through its superintendent in that respect."

Defendant excepted to this portion of the charge in the following language:

"I except to the submission to the jury of the question as to whether there was a negligent order or direction given by a superintendent or person acting as superintendent, which contributed to the injuries complained of and for which the defendant may be held responsible, on the ground that no such issue is raised by the pleadings in this action."

This exception points out fatal error, and the judgment and order appealed from must be reversed and a new trial granted, costs to abide the event.

THOMAS and CARR, JJ., concur. HIRSCHBERG and WOODWARD, JJ., dissent.