DAVIS v. GAS ENGINE & POWER CO. et al.

(Supreme Court, Appellate Division, Second Department. January 19, 1912.)

1. MASTER AND SERVANT (§ 265*)—OBLIGATIONS OF MASTER—PERFORMANCE—PRESUMPTIONS.

The presumption is that a master has performed his duty of furnishing safe appliances to a servant for his work, and a servant, suing for a personal injury alleged to have been caused by defective appliances, must show that the appliances were defective.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

2. MASTER AND SERVANT (§§ 101, 102*)—INSUFFICIENT APPLIANCES—EVIDENCE.

A master need only furnish such appliances as are reasonably necessary for the work, and where he furnishes ropes and ladders and necessary materials for the work he performs his duty, and he need not, in the performance of the details of a servant's work, tender such appliances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171–192; Dec. Dig. §§ 101, 102.*]

3. MASTER AND SERVANT (§ 219*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

A servant of experience in his line, who undertakes to do the work, assumes the open and obvious risks of the employment, where there are no hidden defects, which the master must know and guard against.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624; Dec. Dig. § 219.*]

Appeal from Trial Term, Rockland County.

Action by Edwin L. Davis against the Gas Engine & Power Company and another. From a judgment for plaintiff, and from an order denying a motion for new trial on the minutes, defendants appeal. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Earle W. Webb, for appellants.

Frank Comesky, for respondent.

WOODWARD, J.   The defendant is a boat builder, having a plant near the Harlem river in the city of New York.   In the building of a boat 125 feet long, it became necessary to construct a temporary building over the hull, to protect the workmen and the boat from the elements.   The boat had been completed, or nearly so, and the plaintiff, who was an experienced ship carpenter, who had worked upon the premises for about seven years, was directed to assist in tearing down the temporary structure.   The building was cheaply constructed, the roof being made with rafters reaching from the eaves to the ridge pole through the center, these being in turn coupled together with small timbers, to which boards 16 feet in length were nailed, extending from the ridge pole to the eaves on either side.   For the purpose of shutting out the rain and snow, these boards were covered with strips of tarred paper about 18 inches wide, the same being held in place by strips of board overlapping the joints and nailed at intervals, and it was while the plaintiff was engaged in removing one of these slats that the strip of tarred paper on which he was sitting came loose and slid down the incline, carrying the plaintiff to the ground, some 20 feet below.   He has been awarded a substantial verdict in a common-law action for negligence; the question submitted to the jury being whether the defendant had furnished the plaintiff with reasonably safe tools and appliances for the performance of the labor.

[1, 2]  The presumption is, of course, that the master has performed this duty (20 Am. & Eng. Ency. of Law, 87), and there is absolutely no evidence in this case that any of the tools and appliances which were furnished by the defendant were defective or inadequate, or that there was any failure on the part of the defendant to supply all of the necessary tools and appliances now suggested as proper. It is true that the plaintiff testifies that there was no rope or ladder upon the building; but we know of no authority which holds that it is the duty of the master, in the performance of the details of the employé's work, to follow him around with appliances.   The duty is performed if the master has furnished such appliances as are reasonably necessary for the performance of the work, and the plaintiff has not overcome the presumption in favor of the master by merely showing that the defendant had not equipped the building with safety appliances to guard him in the performance of the work.   He must go further, and show that the defendant, a boat-building concern, with a plant, had not supplied the necessary materials for the performance of the work.   If there were ropes, ladders, etc., in and about the plant, which the plaintiff was at liberty to make use of, the defendant owed no further duty to the plaintiff, and there is no evidence to overcome the presumption that the master had supplied all of these things. There was evidence in the case sufficient to have warranted a jury in finding that the very building on which the plaintiff was injured

was supplied with a rope thrown over the roof, and that there were ladders inside of and leaning against the outside of the building at the very moment of the accident. But, assuming that the weight of evidence was with the plaintiff upon this point, it is not sufficient to charge the defendant with liability. Proper materials upon the premises and available for use would be a discharge of the defendant's duty; and, as this is presumed to have been discharged, the plaintiff failed to establish a cause of action.

[3] Beyond this, the situation was entirely open and obvious to the plaintiff, a man of experience in the particular line. There were no hidden defects which the master was bound to know and to guard against, and the plaintiff by undertaking to do the work must be deemed to have accepted the open and obvious risks of the employment.

The judgment and order appealed from should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.