## MUENCH v. TERRY & TENCH CO.

(Supreme Court, Appellate Division, Second Department. January 24, 1913.)

1. MASTER AND SERVANT (§ 252*)—INJURIES—SUFFICIENCY OF NOTICE.

A servant's notice of injury stated that the cause of the injury was a piece of steel which flew into his eye, and the cause of the casualty was defective tools and failure to furnish proper material to prevent the flying of steel, and that the casualty was further caused by "your failure to furnish me with a chisel bar, and in that you had no adequate saw to do the work," and that the saw furnished was worn. *Held*, that the notice

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of injury was insufficient to sustain an action under the Employer's Liability Act of 1902 (Laws 1902, c. 600), failing to state a negligent act of a superintendent, or any defect in the ways, works, or machinery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 104*)—APPLIANCES—FAILURE TO FURNISH.

If an employer provided chisel bars for use in cutting rivets, which were upon the premises and easily accessible at the time of an accident in cutting rivets, defendant would not be liable for injuries claimed to have been caused by failure to furnish a chisel bar.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 176; Dec. Dig. § 104.*]

Appeal from Trial Term, Westchester County.

Action by George Muench against the Terry & Tench Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

E. Clyde Sherwood, of New York City (Charles Capron Marsh, of New York City, on the brief), for appellant.

Thomas J. O'Neill, of New York City (L. F. Fish, of New York City, on the brief), for respondent.

RICH, J. This appeal is by the defendant from a judgment in favor of the plaintiff in an action for negligence. The complaint alleges a cause of action under the common law and also under the Employer's Liability Act (Laws 1902, c. 600).

The action was tried upon the theory that plaintiff was injured as the result of negligence of the foreman, in charge of the work upon which the plaintiff was engaged, in directing plaintiff and another employé of defendant to cut out iron rivets with an improper tool, which needlessly exposed plaintiff to danger. The notice alleges:

"The cause of my injury was a piece of steel which flew into my eye, destroying the sight thereof, and the cause of this casualty was the fact you furnished defective tools and cutters in and in connection with which to work, and failed to furnish proper bagging and other material to prevent the flying of pieces of steel while rivets were being cut; and this casualty was further caused by your failure to furnish me with a chisel bar, and in that you had no adequate saw to do the work, and that the saw that you furnished was worn, so that its teeth would not cut the angle where I was working, and that your not having said saw or chisel bar required me to take a position below the rivet, thus causing the additional hazard and danger of pieces of steel being driven toward my eye and into my eyes."

The defendant objected to the receipt of this notice in evidence, upon the ground of its insufficiency. The objection was overruled and an exception taken.

[1] It will be observed that the notice fails to mention any negligent act on the part of a superintendent, or to suggest any defect in the ways, works, or machinery. Its allegations are confined to matters which go to make up a common-law cause of action for negligence, and it cannot be made the basis of a cause of action under the Em-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ployer's Liability Act of 1902, which was in force when this action was brought. As was said in Simpson v. Foundation Co., 132 App. Div. 375, 116 N. Y. Supp. 878, affirmed 201 N. Y. 479, 95 N. E. 10, Ann. Cas. 1912B, 321:

"The employé is given an enlarged right of action against the master for the negligent act of a superintendent, or for defects in the works, ways, or machinery, and this enlarged right is given on condition that the employé, within 120 days of the accident, shall give the employer notice, not generally, but specifically, of an act of omission or commission on the part of a superintendent, or of a defect in the works, ways, or machinery."

See, also, Finnigan v. N. Y. Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233; Logerto v. Central Building Co., 198 N. Y. 390, 91 N. E. 782; Welch v. Waterbury & Co., 136 App. Div. 315, 120 N. Y. Supp. 1059; Lewis v. Gehlen, 136 App. Div. 855, 122 N. Y. Supp. 89; Beauregard v. New York Tunnel Co., 136 App. Div. 834, 121 N. Y. Supp. 865; Davenport v. Oceanic Amusement Co., 132 App. Div. 368, 116 N. Y. Supp. 609; Kwiatkowski v. Nichols Copper Co., 152 App. Div. 663, 137 N. Y. Supp. 586.

The plaintiff contends that his notice is valid under the authority of Bertolami v. United Engineering & C. Co., 198 N. Y. 71, 91 N. E. 267, and several other cases which he cites, all of which are distinguishable from the case under consideration. In the Bertolami Case the court placed its decision upon the express ground that, the liability stated in the notice being its failure to inspect, safeguard, and keep safe the place wherein the intestate was working, the omission of duty was of necessity primarily that of a representative who had superintendence over, and control of, the conditions which prevailed when the accident happened, and therefore sufficiently complied with the rule adopted in the Finnigan Case. The case was submitted to the jury upon the theory that a recovery might be had under the Employer's Liability Act. The effect of the charge of the learned trial justice was, therefore, that a verdict might be found for the plaintiff upon a cause of action which he was not entitled to enforce, and, although no exception was taken to the charge, the notice was in evidence over defendant's objection and exception. No liability under the statute was shown, and the application of the statutory law gave the plaintiff an advantage to which he was not entitled.

[2] While it may be that the evidence is sufficient to have required the submission of defendant's common-law liability to the jury, we cannot say that the result would have been the same, as defendant offered evidence which tended to show that it had provided chisel bars for the use of its employés, and that they were upon the premises and easily accessible at the time of the accident, which would have relieved the defendant from liability if the jury had believed it. Davis v. Gas Engine & Power Co., 148 App. Div. 791, 133 N. Y. Supp. 247.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.