### JENNINGS v. DEGNON CONTRACTING CO. (No. 6614.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE TO SUPPORT.

    Where, in an action for injuries to a servant, plaintiff charged defendant with negligence on two grounds, as to one of which there was no evidence, it was error for the court to submit both questions to the jury; a general verdict having been returned.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Trial Term, New York County.

Action for injuries by Charles Jennings against the Degnon Contracting Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

James F. Donnelly, of New York City, for appellant.
Francis X. McCollum, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J.   The plaintiff, an employé of the defendant, while engaged with other employés in moving an iron girder, about 45 feet in length, 4 feet in width, and weighing between 6 and 8 tons, to an opening in the sidewalk preparatory to its being lowered into the subway, sustained personal injuries. He brought this action to recover, on the ground that the same were caused by the negligence of the defendant. There is a conflict in the evidence as to just how the girder rested immediately prior to the accident; but, in view of the conclusion at which I have arrived, this is not important.

For the purpose of moving the girder to the opening after it had been taken from a truck, tracks were laid which consisted of timbers upon the top of which were iron rails, and upon these tracks a wooden roller 12 inches in diameter was placed under the rear end of the girder and a steel roller 6 inches in diameter under the other end. A large rope was then attached to the end of the girder nearest to the opening in the sidewalk, the rope then passed through pulleys to the drum of an electric winch, which was located in the subway, and at a given signal the engineer in charge of the winch would move the girder forward. After the girder had been moved to a position where it did not rest upon the steel roller, the plaintiff was directed to move the roller, so that it would be under that end. He was pulling the roller into that position, when, as he claims, the foreman in charge of the employés (the action was brought under the Employers' Liability Act [Consol. Laws, c. 31, §§ 200–204]) signaled to the person in charge of the winch to move the girder. It was moved, and the steel roller ran over the defendant's leg, inflicting the injuries of which he complains.

It is claimed that the defendant was negligent: (a) Because it failed to warn the plaintiff that the girder was about to be moved forward; and (b) because it failed to provide a snub line by which the movement of the girder could be controlled. This was the theory upon which the complaint was drafted and the case tried and submitted to the jury. The defendant excepted to the court's submitting to the jury the question of its negligence in each of the respects named.

I am of the opinion that there was sufficient evidence to go to the jury upon the first ground. It was the duty of the foreman to warn the workmen that the girder was to be moved. He stood in such a position near the hole cut in the sidewalk that he could signal to the men below the surface when to start the engine, to the drum of which the cable was attached. The plaintiff testified that at the time in question no warning was given, and he was corroborated in some respects by three other witnesses. At least four witnesses on the part of the defendant testified that the warning was given. The credibility of these witnesses was for the jury, and if they found the warning was not given, and that was the proximate cause of the injury, then plaintiff was entitled to recover. The court instructed the jury to this effect.

There is, however, no evidence which would justify a finding that defendant was negligent in failing to use a snub line, or other appliance, to control the movement of the girder. All of the witnesses who

gave testimony on this subject agreed there was nothing to which a snub line could be attached, and several of them said it was unnecessary, and to have used one, under the circumstances, would have been taking "extraordinary" precautions. The defendant was not bound to use a snub line, if it were unnecessary; nor was it bound to take "extraordinary" precautions to prevent an accident of this kind. The legal obligation resting upon it was to use ordinary care, in view of all the circumstances, to protect employés and prevent their being injured while engaged in the work.

At the conclusion of the trial the defendant moved to dismiss the complaint, in so far as it predicated negligence on the failure to use a snub line. The motion was denied, and an exception taken. An exception was also taken to submitting that question to the jury. I think both exceptions were well taken. The evidence, as indicated, did not justify a finding that the defendant was negligent in this respect. The jury rendered a general verdict. Because of this error the judgment must be reversed, for the reason that it cannot be determined but what the verdict was based upon that issue alone. Ives v. Ellis, 169 N. Y. 85, 62 N. E. 138; Bank of State v. Southern National Bank, 170 N. Y. 1, 62 N. E. 677; Muench v. Terry, 154 App. Div. 856, 139 N. Y. Supp. 781; Genovesia v. Pelham Operating Co., 130 App. Div. 200, 114 N. Y. Supp. 646.

The judgment and order appealed from, therefore, are reversed, and a new trial ordered, with costs to appellant to abide event. All concur.