### HAWN v. MALCOLM et al.

(Supreme Court, Appellate Division, Fourth Department. January 5, 1916.)

APPEAL AND ERROR ☞1066—SUBMISSION OF ISSUES—EVIDENCE TO SUSTAIN.
    Where one of several charges of negligence was improperly submitted to the jury, because there was no sufficient evidence to sustain it, the judgment on the verdict against defendant must be reversed, as it cannot be determined that the verdict was not based upon such erroneous theory of negligence alone.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. ☞1066.]

    Kruse, P. J., dissenting.

Appeal from Trial Term, Niagara County.

Action by May Hawn, as administratrix, etc., against Stephen V. R. Malcolm and another. Judgment for plaintiff, and defendants appeal. Judgment and order reversed, and new trial granted.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Bond & Schoneck, of Syracuse, for appellants.
Judson, Holley & Caton, of Lockport, for respondent.

PER CURIAM. We think appellants' exceptions at folios 917 and 927 of the record on appeal present errors in the submission of

the case to the jury which require a reversal of the judgment herein. The learned trial court in its charge first instructed the jury as to the several allegations of negligence contained in the plaintiff's complaint, and then charged the jury, generally, if they should find that the death of plaintiff's intestate was due to negligence on the part of the defendants in any of the respects claimed by plaintiff, that then plaintiff was entitled to recover. Among other things, the court specifically charged the jury that it was for them to determine whether defendants furnished plaintiff's intestate with a reasonably safe place to work, and also that it was a question of fact for the jury to determine whether or not the accident was due to the acts of a person intrusted with authority to direct, control, or command plaintiff's intestate.

We are able to find no evidence justifying the submission of the case to the jury, either upon the allegation of a safe place or upon the claim that the accident was caused by the carelessness of a superintendent. Indeed, as to the latter counsel during the progress of the trial expressly disclaimed that plaintiff charged that the accident was due to an act of superintendence. The law is well settled that, where one of several charges of negligence is improperly submitted to the jury, there being no sufficient evidence to justify a verdict that a defendant was negligent in that respect, the judgment should be reversed, as it cannot be determined that the verdict was not based upon such erroneous theory of negligence alone. Jennings v. Degnon Contracting Co., 165 App. Div. 248, 251, 150 N. Y. Supp. 820, and cases there cited.

We think the judgment appealed from should be reversed, and a new trial granted, with costs to the appellants to abide the event.

KRUSE, P. J. (dissenting). 1. I think the evidence supports a finding that the working place of plaintiff's intestate was unsafe. He was required to work under a swinging boom, which fell upon and killed him because the crane to which it was attached and of which it was a part was defective. This defective condition had existed so long that the defendants knew, or in the exercise of reasonable care should have known, that it would endanger and make unsafe his working place. It is said that the defect was in the derrick and not in the working place; but it was this defect which made the working place unsafe. It is clear that is what the learned trial judge had in mind in his charge and that the jury so understood it.

2. As to negligent superintendence, I am of the opinion that if the deceased was put at work in this dangerous place without warning him of the danger by any one in defendants' employ having authority from the defendants to direct and control him in his work, as the evidence tends to show, the defendants are liable for such negligence; and this is so, I think, whether the negligence was an affirmative act, or a mere omission to properly safeguard the workman against harm. I do not understand that plaintiff's counsel disclaimed any liability upon that ground. He specifically stated that there was a lack of proper superintendence.

I think the case was properly submitted to the jury, and that there are no errors to warrant a reversal. I therefore vote for affirmance.