VITTORIA CAPELLA, Respondent, *v.* SOUTHERN PACIFIC COMPANY, Appellant.

Third Department, November 11, 1926.

Carriers — carriers of freight — action to recover damages to carload of grapes shipped from California — action based on delay in shipment and neglect to ice — shipment required approximately fourteen and one-half days — evidence shows that at time of shipment conditions over railroad due to strike of shopmen delayed shipments — fourteen days was average for that time — plaintiff could not rely upon testimony by one of defendant's witnesses in part but must accept entire testimony — inasmuch as verdict for plaintiff may have been based on delay instead of failure to ice, it cannot stand.

In an action to recover damages to a carload of grapes shipped to the plaintiff from California in 1922, which is based on alleged delay in shipment and on neglect to ice the car properly, the evidence does not sustain plaintiff's contention that there was a delay in shipment, since it appears that at that time, which was just after the termination of a shopmen's strike, the average time for a car of grapes to reach the plaintiff's town from California was fourteen days, and that the actual time in the present shipment was approximately fourteen and one-half days.

The plaintiff cannot rely on a part of the testimony by one of defendant's witnesses to the effect that freight shipments were about twenty-one hours longer than normal and reject another part of the same witness' testimony to the effect that the delay was general and was caused by the strike of shopmen which had just terminated.

The fact that the strike of shopmen terminated before the shipment was made does not prove that freight conditions immediately became normal, for the effect of the strike would continue for some time after the termination thereof.

While the jury might have found that the grapes were damaged by the neglect to ice the car properly, still a verdict cannot be sustained in favor of the plaintiff, since the jury might have based its verdict on the delay in shipment which was not established by the plaintiff.

APPEAL by the defendant, Southern Pacific Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 19th day of January, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of January, 1925, denying defendant's motion for a new trial made upon the minutes.

The appeal in this case was transferred to this Department from the Fourth Department of the Appellate Division. (See 216 App. Div. 786.)

*Charles V. Byrne,* for the appellant.

*Thomas H. Ward [Walter Welch* of counsel], for the respondent.

H. T. KELLOGG, J. The plaintiff purchased a carload of grapes from a grower at Oakdale, Cal., for delivery to her at Solvay, N. Y. The grapes were loaded upon a refrigerator car, provided by the defendant, at Oakdale, Cal., on September 29, 1922. The car was fully loaded at nine P. M. on that day and released to the defendant for transportation. The defendant issued its bill of lading consigning the car to the plaintiff at Solvay, N. Y., and started the car on its journey from Oakdale at eleven-thirty P. M., September twenty-ninth. The car arrived at Syracuse, N. Y., on October 14, 1922, at two-twenty P. M. It arrived at Solvay on October fifteenth at one-fifteen P. M. The grapes were in a damaged condition when they arrived at destination. The plaintiff accepted delivery and thereafter brought this action against the defendant, the initial carrier, to recover the difference between the value of the grapes if in good condition and their value in the damaged condition existing upon their arrival. She charged that the defendant and its connecting carriers unduly delayed shipment and that they failed to ice the refrigerator car, as agreed, at the various icing stations *en route.* The trial judge submitted the case to the jury to determine the question whether the defendant or its connecting carriers were negligent in (1) delaying shipment or (2) in failing to ice, and if negligent in either respect to find a verdict for the plaintiff. The jury reported a verdict in favor of the plaintiff for $1,820.16 and judgment was entered thereupon.

Allowing for the difference of three hours between Pacific coast and Eastern time the car journeyed from Oakdale, Cal., to Syra-

29

cuse, N. Y., in fourteen days, eleven hours and fifty minutes. The plaintiff urges that she proved upon the trial, through the witness Aloi, that the usual time consumed for moving a carload of grapes from Oakdale to Syracuse is eleven days. Such was not, in fact, the case. Aloi was asked: " How long would it take? " and he answered: " About fourteen days." It is true that he was later asked the question: " What do you say, what would be the usual time for a carload of grapes, in the late summer or early fall of 1922, to come from Southern California over this route that I have stated to Syracuse? " and that he answered: " The usual time is eleven days." However, it clearly appears that the witness misapprehended the question, for when the court said to him, " I understood you to say before that the usual time was fourteen days," he replied, " In 1922." The court then remarked, " We are not interested in anything except the late summer or early fall of 1922," whereupon the witness said, " Then it is fourteen days. I told you that." Further answers revealed that the witness intended to testify that in 1922, the year of this shipment, the usual time was " about fourteen days." No proof was given by the plaintiff, other than through the witness Aloi, that the usual time was other than " about fourteen days." Clearly fourteen days, eleven hours and fifty minutes is " about fourteen days." The plaintiff, therefore, closed her case without proof that there was a substantial delay in shipment which might have affected the condition of the grapes. She now calls attention to the evidence of the defendant's witness Ruby that the car in question consumed " about twenty-one hours more than movement would be under normal conditions." However, the same witness testified that conditions at the time were abnormal; that there was a strike of shopmen on; that this retarded the movement of freight on account of shortage of men to inspect trains, repair cars and otherwise assist in getting trains through the yards. Surely the plaintiff may not accept that part of the witness' statement which is favorable and reject the parts unfavorable to her by which the statement was qualified. The plaintiff urges that the shopmen's strike ended on September tenth, and, therefore, could not have affected the movement of this car. Such was not necessarily the case. The injuries done by the strike survived its cessation. As said by one witness: " The strike of shop craftsmen resulted in delays in the preparation of locomotives for service, trains leaving late for terminals   *   *   *, due to condition of cars and locomotives, delayed on road by locomotives not steaming, leaking at flues or mud ring, hot boxes, hot pins on engines, hot boxes on cars and bad order cars, making it necessary to set out cars, trains, locomotives, and wait for relief

engines, slowing up of movement through terminals over the road due to condition of power and equipment." That this condition prevailed during the period between September twenty-ninth and October fourteenth was testified to by several witnesses and was disputed by none. There was no evidence in the case, therefore, from which the jury might properly have found that the grapes were damaged by undue delay in transportation. It may well be that the plaintiff made a case, not resisted by competent proof, that the damage was due to a failure of proper icing, and that the jury might properly have based its verdict upon such failure. However, it is not possible to determine that the jury did base its verdict upon non-icing rather than upon undue delay. Therefore, the verdict may not stand. (*Hawn* v. *Malcolm*, 171 App. Div. 120.)

The judgment and order should be reversed, with costs to the appellant to abide the event, and a new trial granted.

All concur.

Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event.