SUSANNA MULLEN, Respondent, v. UNITED STATES CASUALTY COMPANY, Appellant.

PER CURIAM.    The questions of waiver and estoppel were questions of fact to be determined by the jury and if its determination in that regard was in favor

of the plaintiff it was justified by the evidence. The false statement made by Mrs. Sheehan avoided the policy unless the defendant waived that defense or estopped itself from asserting it. The learned trial court submitted to the jury two questions: *First,* whether the false statement of Mrs. Sheehan was material; and, *second,* whether the defendant had waived or estopped itself from asserting such defense. The learned counsel for the defendant duly excepted to the court's charge, wherein it was left to the jury to say whether the false statement was material. It was error to submit that question to the jury. The trial court should have held as a matter of law that the false statement avoided the policy and then left it to the jury to say whether or not the defendant had waived such defense or had estopped itself. There was a general verdict in favor of the plaintiff. We are, therefore, unable to say whether the jury found that there was a waiver or estoppel and we are unable to say whether the jury found that the false statement made by Mrs. Sheehan was material or immaterial within the meaning of the policy. In view of that situation there is nothing that this court can do except to reverse the judgment on the ground that the statement made by Mrs. Sheehan was material and violated the terms of the policy and that the only question which should have been submitted to the jury was the question of waiver and estoppel. (*Jennings* v. *Degnon Contracting Company,* 165 App. Div. 248.) All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ. Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide the event.